[No. 9961. Department One. June 29, 1912.]

IRA ERVIN, *Appellant*, v. NORTHERN PACIFIC RAILWAY COMPANY, *Respondent*.[1]

MASTER AND SERVANT—INJURIES—NEGLIGENCE—OPERATION OF RAILROADS. A complaint by a track worker, who sustained a hernia through extraordinary exertions in removing a hand car from a track, when an engine was approaching, is demurrable for want of sufficient facts, where there was no allegation that he was ordered to use extraordinary exertion, that an insufficient number of trackmen were employed, the engine out of repair, or not under sufficient control to avoid a collision, the track not in proper condition, or that the hand car should not have been on the track in the first instance.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered June 5, 1911, upon sustaining a demurrer to the complaint, dismissing an action for personal injuries sustained by a track worker. Affirmed.

*Robert McMurchie* and *M. J. McGuinness*, for appellant.
*C. H. Winders*, for respondent.

Crow, J.—Action by Ira Ervin against Northern Pacific Railway Company, a corporation, to recover damages for personal injuries. A demurrer to the amended complaint was sustained. The action was dismissed, and the plaintiff has appealed.

[1]Reported in 124 Pac. 690.

The question presented is the sufficiency of the amended complaint. Appellant in substance alleged, that he was employed as a track worker for respondent; that over him was a foreman, also employed by respondent; that on October 7, 1908, the foreman carelessly and negligently permitted a hand car to remain on respondent's railway track in such a position that it was liable to become an obstruction to approaching trains; that an engine approached from a side track, and the foreman directed appellant and other track workers to remove the hand car; that they proceeded to obey the order, but before they had completed this task, the foreman changed his order and directed them not to remove the hand car, but to shove it back upon the track; that it was necessary for appellant to walk behind the hand car, between handles which extended twenty-four inches from its deck; that while he and the other trackmen were thus pushing the hand car, the engine was approaching; that after they had shoved the car about one hundred and twenty yards, and when they were in danger of being run down by the engine, the foreman again directed them to throw the hand car from the track; that the engine was near at hand; that appellant had no means of escape other than to obey the last order, which he and the other men did; that, to get the hand car from the track before being struck by the engine, it was necessary for appellant to use extraordinary physical efforts, which he did, and that he thereby sustained a hernia, the injury of which he complains.

Appellant has devoted his entire argument to a discussion of the issue of contributory negligence, which he himself raises. Respondent concedes he was not negligent, but insists that the allegations of the complaint fail to disclose any negligence on its part as the proximate cause of the accident. This contention must be sustained. Permitting a hand car to temporarily remain upon a railway track does not of itself constitute negligence, provided there be time for its removal before it can be struck by an engine or train. The amended

complaint not only discloses the fact that there was ample time to remove the hand car before it could be struck by the approaching engine, but also shows that it was removed. The only cause of appellant's injury was his overexertion. The foreman did not order him to use extraordinary efforts. There is no allegation that an insufficient number of trackmen were employed, that the engine was out of repair, that the track was not in proper condition, that the hand car should not have been on the track in the first instance, nor that the approaching engine was not under sufficient control to avoid a collision. The circumstances pleaded show an unfortunate accident to appellant, but fail to show any negligence on the part of respondent for which it can be held liable.

The judgment is affirmed.

PARKER, CHADWICK, and GOSE, JJ., concur.